```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
AVAIL 1 LLC,                                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :
            -v-                                                        :
                                                                       :
KANWALDEEP S. KALSI, NAMRITA PUREWAL,                                  :
THE 67 LIBERTY CONDOMINIUM, NEW CHAPTER                                :
CAPITAL, INC.,                                                         :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2023

23-cv-1641 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Avail 1 LLC moves for an extension of time to effect service of process on defendant Namrita Purewal, pursuant to Federal Rule of Civil Procedure 4(m), as well as leave to serve process on Defendant by email, which is governed by Rule 4(e). Dkt. No. 64. The motion as to the extension of time is granted and Plaintiff shall have until December 15, 2023 to effect service. The motion as to the means of effecting process is denied without prejudice.

"Under Rule 4(m), the Court *must* extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even in the absence of good cause." *Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (alterations in original). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *Id.* "To establish good cause, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (internal quotation marks omitted). To obtain a discretionary extension

absent a showing of good cause, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007).

The Court exercises its discretion to grant an extension of time. Plaintiff has been diligent in attempting to effect service. The complaint was filed on February 27, 2023, and a summons issued on February 28, 2023. Dkt. Nos. 1, 11. Plaintiff filed an affidavit of service on May 9, 2023, reflecting that service had been made on Purewal by delivering a copy of the summons and complaint to her through the doorman of her apartment building. Dkt. No. 25. Purewal appeared in this case on May 23, 2023. Dkt. Nos. 37–38. When Purewal complained that she had not been personally served and argued that service was ineffective, Plaintiff made further attempts to serve her, including mailing Purewal a waiver of service of process form on October 16, 2023. Dkt. No. 62. Although Purewal represented to the Court that she would provide her email address to Plaintiff, she has failed to do so. Plaintiff has advanced reasons for its failure to effect personal service on Purewal based on the layout of Purewal's apartment. Dkt. No. 64.

Second, Plaintiff requests leave to serve process on Defendant by email. That request is denied without prejudice. The request is both premature and insufficiently supported. *See Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) ("When a party asks a court to exercise its authority, the party must make some showing that the exercise of that authority is necessary."). Rule 4(d) requires the party requesting waiver to "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). As Plaintiff itself notes, Dkt. No. 65, Purewal still has time to consent to waive service by returning the form that Plaintiff mailed to her home address on October 16, 2023.

Moreover, on the present record, Plaintiff has not established a basis for service by email. Service on individuals within the United States is governed by Federal Rule of Civil Procedure 4(e). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."[1] Under New York law, service of process on a natural person may be effected by (1) personal service; or (2) delivery "to a person of suitable age and discretion at the actual place of business" or "dwelling place" of the person to be served and mailing the summons to the last known residence or actual place of business of the person to be served." N.Y. C.P.L.R. § 308(1)–(2). Where such service "cannot be made with due diligence," service may be effected by "affixing the summons to the door of either the actual place of business [or] dwelling" of the person to be served and "mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" under Section 308(4). Only when these traditional methods of service appear "impracticable" may the Court direct service of process by alternative means, such as email. N.Y. C.P.L.R. § 308(5); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016). Although "the impracticability standard is not capable of easy definition," *Astrologo v. Serra*, 659 N.Y.S.2d 481, 482 (2d Dep't 1997) (internal quotation marks omitted), in general, a plaintiff "must make some showing that the other prescribed methods of service could not be made," *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (internal quotation marks omitted). Although Plaintiff need not prove "actual prior attempts to serve a

---

[1] Rule 4(e)(2), which provides for effective service by (1) personal service (2) alternative service at the individual's dwelling with someone of suitable age and discretion who resides there; or (3) delivery to an agent authorized by appointment or by law to accept service, does not provide for service by email, and thus is inapplicable to Plaintiff's request here. *See* Fed. R. Civ. P. 4(e)(2).

party under the methods outlined" in Sections 308(1), (2), and (4), *Franklin v. Winard*, 592 N.Y.S.2d 726, 727 (1st Dep't 1993), the plaintiff must, for each of the three traditional methods of service, "set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances," *Markoff v. S. Nassau Cmty. Hosp.*, 458 N.Y.S.2d 672, 674 (2d Dep't 1983).

Plaintiff has not yet made the requisite showing of impracticability. Plaintiff has not shown that personal service directly on Purewal, as provided in C.P.L.R. § 308(1), is impracticable. Plaintiff claims that "due to the nature" of Defendant's residence, "in which the elevator opens up directly into the unit," the process server "has been unable to obtain access to the residence" for service directly on Purewal. But personal service need not be effected on Defendant at her residence. *See Dominguez v. Hernandez*, 2023 WL 2575224, at *7 (E.D.N.Y. Feb. 22, 2023). Section 803(1) expressly permits personal service anywhere in the state of New York.[2] As to Section 308(2), while Plaintiff has stated that delivery service specifically at Defendant's dwelling place is impracticable given the impossibility of accessing Defendant's apartment, Plaintiff does not allege that it cannot serve process at Defendant's actual place of business. *Franklin*, 592 N.Y.S.2d at 726 (finding service impracticable where the plaintiff "demonstrated that her efforts to obtain information regarding" the defendant's address "through ordinary means . . . had proven ineffectual"); *Rampersad v. Deutsche Bank Sec., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (finding service impracticable where, "[d]espite 'extensive internet searches' and inquiries with former clients formerly in contact with [the

---

[2] Plaintiff in fact expressly avers that its process server could serve Purewal as she enters or exits her apartment building. Dkt. No. 64 at 1 ("[O]ur process server would be required to wait for Defendant to exit or enter the apartment building.").

4

defendant]," the plaintiff "has been unable to determine [the defendant's] residence or place of business"); *SEC v. Nnebe*, 2003 WL 402377, at *4 (S.D.N.Y. Feb. 21, 2003) (finding service impracticable where "the [plaintiff] has been unable to discover [the defendant's] business address"); *SEC v. HGI, Inc.*, 1999 WL 1011087, at *1 (S.D.N.Y. Nov. 8, 1999) (finding service impracticable where "the [plaintiff] has not been able to determine [the defendant's] place of business"). Nor has Plaintiff shown, for that matter, that it cannot mail the summons to Defendant's residence or actual place of business. In fact, Plaintiff mailed its waiver of service request to Defendant's residence, Dkt. No. 62-1, reflecting that service by the method outlined in 308(2) may indeed be practicable. And for similar reasons, Plaintiff has failed to show that service as provided by Section 308(4) is impracticable.[3] While Plaintiff has provided a sufficient explanation for why it cannot effect "nail and mail" service by "affixing the summons to the door" of Plaintiff's dwelling, it has not shown that it could not affix the summons to the door of Defendant's actual place of business and mail the summons to Defendant's residence or place of business. Without Plaintiff's showing that the traditional methods of service outlined in 308(1), (2), and (4) could not be made, "a court is without power to direct . . . service" under 308(5). *David v. Total Identity Corp.*, 857 N.Y.S.2d 380, 382 (4th Dep't 2008).

Finally, Plaintiff will have to show that service by email satisfies the Due Process Clause by demonstrating that email is reasonably likely to reach Purewal. *See Convergen Energy*, 2020 WL 4038353, at *6 ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." (internal quotation marks omitted)). Plaintiff's conclusory statement that it has somehow obtained Purewal's email, without any

---

[3] To show service under 308(4) is impracticable sufficient to warrant alternative service under 308(5), a plaintiff need not prove that it undertook "due diligence." *See Kelly v. Lewis*, 632 N.Y.S.2d 186, 186 (2d Dep't 1995).

further explanation to support that the email Plaintiff possesses is, in fact, an email of Purewal or one as to which she would receive notice, is insufficient to satisfy that standard.

In light of the foregoing, Plaintiff's motion for an extension of time to serve Defendant Purewal is GRANTED. Plaintiff's request to serve Defendant by email is DENIED without prejudice. The motion may be renewed, upon a proper showing, should Plaintiff not accept service within the time permitted.

SO ORDERED.

Dated: November 6, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

6