```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
AVAIL 1 LLC,                                                           :
:
Plaintiff,                                   :
:                23-cv-01641 (LJL)
-v-                                                :
:                    ORDER
:
KANWALDEEP S. KALSI, NAMRITA PUREWAL,                                  :
THE 67 LIBERTY CONDOMINIUM, NEW CHAPTER                                :
CAPITAL, INC.,                                                         :
:
Defendants.                                  :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendant Namrita Purewal ("Defendant") moves the Court for an order requesting the appointment of *pro bono* counsel. Dkt. No. 36. The motion is granted in part and denied in part.

    The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *See, e.g.*, *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a civil litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have unlimited funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of the time of volunteer lawyers. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel and the litigant's ability to gather facts if unassisted by counsel).

In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Defendant has satisfied the *Hodge* standards sufficient to permit the Court to request the appointment of *pro bono* counsel to make a limited appearance. Defendant has demonstrated that she is indigent. Dkt. No. 36 at 2. In addition, there are reasons to believe that the appointment of counsel for a limited purpose may lead to a just determination. The action is one to foreclose on a mortgage encumbering property in which Defendant resides and of which she allegedly is an owner. Dkt. No. 1 ¶¶ 1, 4. The mortgagor is Defendant's ex-husband. *Id.* ¶¶ 3, 10; Dkt. No. 36 at 2. It is anticipated that counsel will be able to assist Defendant in understanding her rights, pursuing any defenses available to her, and – if appropriate – negotiating a resolution. *See, e.g.*, *Atadzhanov v. City of New York*, 2022 WL 16851560, at *2

(S.D.N.Y. Oct. 7, 2022). It is apparent from the Court's extensive involvement in the case that counsel would be of assistance to Defendant.

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Defendant for the limited purposes of conducting discovery in this action. In addition, *pro bono* counsel may, should counsel be so advised, engage in settlement discussions. *See Tolliver v. Jordan*, 2021 WL 4263168, at *2 (S.D.N.Y. Aug. 19, 2021). Counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel. At this time, *pro bono* counsel will not be obligated for any aspect of Defendant's representation beyond these purposes. In particular, *pro bono* counsel will not be required to respond to a dispositive motion. In the event that Plaintiff files a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Defendant's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Defendant will end upon completion of discovery. *See, e.g.*, *Broadnax v. Hallet*, 2023 WL 4409477, at *2 (S.D.N.Y. June 9, 2023). Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Defendant in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Defendant or to the Court.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendant's case. The Pro Bono Fund is especially intended for attorneys for whom *pro bono* service poses a financial hardship. *See* Southern District of New York, Forms, https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Courts do not draw from a pot of funds to compensate counsel and instead rely on volunteer attorneys. *Labombard v. City of New York*, 2023 WL 317327, at *3 (S.D.N.Y. Jan. 18, 2023). Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. If an attorney volunteers, the attorney will contact Defendant directly to determine if each party (Defendant and counsel) desire to move forward with representation. There is no requirement on the part of Defendant to retain any counsel who has volunteered. By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case, even if an attorney agrees to contact Defendant for the purpose of discussing potential representation and ultimately declines to represent Defendant. *See, e.g.*, *Brown v. Longe*, 2023 WL 4548635, at *2 (S.D.N.Y. July 14, 2023). Accordingly, Defendant should be prepared to proceed with the case without an attorney. *Assure Global, LLC v. Anderson*, 2023 WL 6541774, at *2 (S.D.N.Y. Sept. 11, 2023).

SO ORDERED.

Date: December 1, 2023

LEWIS J. LIMAN
United States District Judge