```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVAIL 1 LLC,

                  Plaintiff,

-against-

KANWALDEEP S. KALSI, et al.,

                  Defendants.

23-CV-01641 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On March 23, 2025, counsel for Defendant Purewal filed a letter (Dkt. No. 101) regarding Plaintiff Avail 1 LLC's ("Avail") failure to respond to certain interrogatories filed on February 7, 2025 (Dkt. No. 100).  On March 25, 2025, Avail filed a letter-response (Dkt. No. 102), arguing that it was not properly served with the discovery requests pursuant to Rule 5(b) of the Federal Rules of Civil Procedure and that counsel for Defendant Purewal failed to raise this issue with Avail and the Court in accordance with the Court's Individual Rules and Practices, including, *inter alia*, by failing to meet and confer regarding the discovery requests.

      Discovery paper must be served pursuant to Rule 5 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5(a)(1)(C).  Under Rule 5(b)(2)(E), service may be made by "sending it [*i.e.*, a paper requiring service,] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."  Fed. R. Civ. P. (5)(b)(2)(E).  Under Rule 5(d)(1)(A), discovery requests and responses including, *inter alia*, interrogatories, "must not be filed until they are used in the proceeding or the court orders filing."  Fed. R. Civ. P. 5(d)(1)(A); *see also* U.S. DIST. CT. S.D.N.Y. ELECTRONIC CASE FILING RULES & INSTRUCTIONS ("S.D.N.Y. ECF RULES & INSTRUCTIONS"), Rule 13.21 (July 24, 2023 ed.), https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020230724%20TH%20FINAL.pdf (last visited Mar. 27, 2025).

      Although the Federal Rules and Local Rules for this District admonish against filing discovery requests, such as the interrogatories filed by Defendant Purewal, the Court finds that Avail was nonetheless properly served pursuant to Rule 5.  The "consent" language that Avail points to in Rule 5(b)(2)(E) is required if service is completed "by other electronic means," not when the court's electronic-filing system is used to complete service.  Indeed, Rule 9.1 of this District's Electronic Case Filing Rules & Instructions provides: "In cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court . . . .  Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail."  S.D.N.Y. ECF RULES & INSTRUCTIONS, Rule 9.1 (July 24, 2023 ed.).  Absent any indication that Avail did not receive a NEF upon the filing, or any other evidence that Avail was

not aware of or in receipt of the interrogatories, Avail is required to respond to Defendant Purewal's interrogatories.

That being said, the Court also admonishes counsel for Defendant Purewal to carefully review the Court's Individual Rules & Practices, available at https://nysd.uscourts.gov/hon-margaret-m-garnett.  As Avail correctly argues, pursuant to Rule II(A)(6) and in accordance with Local Civil Rule 37.2, when raising a discovery dispute, the parties must first confer in good faith.  Should the parties be unable to resolve the dispute between themselves, then the party seeking discovery must file a letter-<u>motion</u> no longer than three pages (single spaced, with standard font and margins), explaining the nature of the dispute and why the party is entitled to relief, and including the following: (1) the date(s), time(s), and duration of each meet-and-confer conference; (2) the names of the attorneys who participated; and (3) that the moving party informed the adversary during the last conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting relief from the Court.

Accordingly, it is hereby ORDERED that the parties shall meet and confer, either in person, by telephone, or by video-conference, regarding Defendant Purewal's interrogatories, in accordance with Rule II(A)(6) of the Court's Individual Rules & Practices and Local Rule 37.2, as soon as practicable and in any event no later than **April 3, 2025**.  Should the parties reach an impasse, Defendant Purewal shall file a letter-motion as described above.

It is further ORDERED that any depositions shall be completed no later than **April 24, 2025**.

It is further ORDERED that the briefing schedule for summary judgment motions shall be ADJOURNED as follows:

- Moving papers shall be due no later than **May 9, 2025**;
- Oppositions shall be due no later than **June 6, 2025**; and
- Replies shall be due no later than **June 13, 2025**.

Dated:  March 27, 2025
        New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge