UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_10/29/2025_
```

AVAIL 1 LLC,

> Plaintiff,

-against-

KANWALDEEP S. KALSI, et al.,

> Defendants.

23-CV-01641 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a mortgage foreclosure action.  Plaintiff Avail 1 LLC seeks to foreclose on a property (the "Property") encumbered by a mortgage pursuant to a promissory note that has gone unpaid for almost six years.  Plaintiff now moves for summary judgment that it is entitled to foreclose and sell the Property.  For the following reasons, the motion is GRANTED in full.

## BACKGROUND

### I.    RELEVANT FACTS[1]

On August 20, 2013, Defendant Kanwaldeep S. Kalsi (the "Borrower") executed a promissory note (the "Note") in the principal amount of $1,069,500 in favor of Sun Home Loans.  Compl. ¶ 11; SOF ¶ 1–2.  To secure the Note, Kalsi executed a mortgage (the "Mortgage") in favor of Sun Home Loans' nominee Mortgage Electronic Registration System.  Compl. ¶ 10; SOF ¶ 1–3.  The Mortgage encumbers the Property, a condominium located at 57 Liberty Street,

---

[1] The following facts are taken from the Complaint (Dkt. No. 1 ("Compl.")), Plaintiff's Rule 56.1 Statement (Dkt. No. 110 ("SOF")), and the declarations.  The Court shall refer to the parties' memoranda of law in support of and opposition to the motion for summary judgment as follows: Dkt. No. 111 ("Mot."); Dkt. No. 115 ("Opp."); and Dkt. No. 116 ("Reply").

Unit 5, New York, NY 10005.  Compl. ¶¶ 1, 5; Dkt. No. 1-1 at 7.[2]  The Mortgage granted the lender the right to foreclose and sell the Property if necessary to secure the Borrower's obligations.  *Id.*  To foreclose the Property, the Mortgage required that the lender first provide the Borrower a notice that included the following information: (1) the promise the Borrower failed to keep or the default that occurred; (2) the actions the Borrower needed to take to correct the default; (3) the date by which the Borrower needed to correct the default; (4) that failure to correct the default would entitle the lender to require "Immediate Payment in Full" and to foreclose the Property; (5) the Borrower would have the right to stop a foreclosure action and render the Borrower's note fully "effective as if Immediate Payment in Full had never been required" if the Borrower remedied the default; and (6) the Borrower could argue in a legal action that no default occurred and raise any other defenses.  *Id.* at 20.

The Note was transferred several times, ultimately passing from Sun Home Loans to Plaintiff Avail 1 LLC.  Dkt. No. 1-1 at 29, 31; SOF ¶¶ 4–5.  Similarly, the Mortgage changed hands several times before possession by Plaintiff.  In February 2021, Mortgage Electronics Registration Systems, Inc. assigned the mortgage to Avail Holding LLC, which is a member of Plaintiff.  Compl. ¶ 2; Dkt. No. 1-1 at 33.  On January 27, 2023, Avail Holding LLC assigned the Mortgage to Plaintiff Avail 1 Holding LLC.  *Id.* at 37.  The record reflects that Plaintiff Avail 1 Holding LLC held both the Note and the Mortgage on February 27, 2023.  SOF ¶ 4.  Defendant Kalsi defaulted on the Note and has failed to make payments for over six years, beginning in August 2019.  SOF ¶ 7; Dkt. No. 113 (Fratangelo Aff.) ¶ 12.

---

[2] The Complaint included several exhibits as a single 70-page attachment.  Dkt. No. 1-1.  The Court refers to individual pages of the 70-page attachment for ease of reference

A simple mortgage story is enmeshed in a complicated domestic story. At the time the Property was purchased, Kalsi was married to Defendant Namrita Purewal; although only Kalsi was listed on the Mortgage, Note, and deed for the Property, he and Purewal lived in the Property as their marital home, and eventually with their two children. The marriage faltered by 2019 and, in February 2020, Kalsi filed for bankruptcy in this District, first under Chapter 11 and then converted to Chapter 7. *See In re Kalsi*, 637 B.R. 33, 36 (Bankr. S.D.N.Y. 2022). On October 13, 2022, Plaintiff sent Kalsi a notice of default and a 90-day notice pursuant to New York's Real Property Actions and Proceeding Law ("RPAPL") § 1304. Compl. ¶ 16; Dkt. No. 1-1 at 50–54. On October 6, 2022, the Bankruptcy Court presiding over Kalsi's bankruptcy ruled that he had abandoned the Property to his now ex-wife, Defendant Namrita Purewal. Dkt. No. 1-1 at 68–70. Purewal continues to own and reside at the Property as of the date of this Opinion. Although he no longer owns or resides in the Property, Kalsi continues to be the sole Borrower on the Note and Mortgage, and remains in default.

## II.      PROCEDURAL HISTORY

Plaintiff commenced this foreclosure action by filing a complaint on February 27, 2023. Compl. The complaint named as Defendants (1) Kalsi as the Borrower and mortgagor, (2) Purewal as the current owner of the Property, (3) 67 Liberty Condominium as a lienor for unpaid monthly common charges, and (4) New Chapter Capital, Inc. as a holder of a UCC-1 financing statement against the Property. Compl. ¶¶ 3–6.

Kalsi and New Chapter Capital, Inc. failed to answer the complaint or appear in this action. Dkt. Nos. 32 & 34. With the Court's leave, Defendant 67 Liberty Condominium has opted not to actively participate in this action, while maintaining their claim for the unpaid monthly common charges on the Property. *See* Dkt. Nos. 76 & 117. Accordingly, Purewal is the

only defendant contesting the foreclosure.  Purewal filed an answer to the complaint on August 11, 2023, raising nine affirmative defenses.  Dkt. No. 51.  Although the answer was purportedly "prepared with the assistance of counsel," no attorney appeared on Purewal's behalf at that time. *Id.*  The Court at numerous junctures in this action has extended deadlines (including the close of discovery) to accommodate Purewal as she attempted to secure counsel, as well as simultaneously litigate against her ex-husband Kalsi for alleged failure to pay his financial obligations arising out of their divorce proceedings.  *See* Dkt. Nos. 75, 80, 85, 93, 98, & 100.  On January 17, 2025, counsel for Purewal appeared in this matter.  Dkt. No. 99.  The Court then again extended the close of fact discovery to permit Purewal to conduct discovery with the assistance of counsel.  Dkt. No. 100.

Once discovery closed, Plaintiff moved for summary judgment.  Dkt. No. 109.  Purewal, through counsel, opposed the motion.  Dkt. No. 115.  And Plaintiff filed a reply.  Dkt. No. 116.  Defendant 67 Liberty Condominium submitted a letter asking the Court to grant summary judgment.  Dkt. No. 117.  In its letter, 67 Liberty Condominium informed the Court that the Property's owners have failed to pay monthly common charge payments to the condominium board since 2020, with the arrears now exceeding $100,000.

## DISCUSSION

Plaintiff has made a prima facie showing that it is entitled to summary judgment and that the sale and foreclosure of the Property should proceed.  Defendant Purewal, meanwhile, has failed to show a dispute of material fact or that a reasonable juror could rule in her favor.  Accordingly, the Court will grant summary judgment in favor of Plaintiff.

## I.    STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[3] "A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007). In determining whether a genuine issue of material fact exists, "[t]he evidence of the nonmovant is to be believed," and a court must draw "all justifiable inferences" in favor of the nonmovant. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-159 (1970)).

Once the movant has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in [the nonmovant's] favor." *Anderson*, 477 U.S. at 256. Reliance upon "conclusory statements" or "mere allegations" is not sufficient to defeat summary judgment. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532–33 (2d Cir. 1993).

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

## II.    PLAINTIFF HAS MADE A PRIMA FACIE SHOWING THAT IT IS ENTITLED TO SUMMARY JUDGMENT

Sitting in diversity, the Court applies the substantive law of the forum, here New York. *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 143 (2d Cir. 2018). "Under New York law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of the default." *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004). The notice to the debtor must comply with any notice requirements imposed by a mortgage and with the requirements of RPAPL § 1304. *Gustavia Home, LLC v. Hoyer*, Nos. 19-471, 22-1383, 2025 WL 2233400, at *2 (2d Cir. Aug. 6, 2025). Where, as here, a defendant challenges standing to foreclose, "the plaintiff must prove its standing as part of its prima facie showing . . . by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019). Plaintiff has met all the elements to establish its prima facie case.

### A.  Plaintiff Has Proven the Existence of an Obligation Secured by a Mortgage

Plaintiff submitted both the Note and the Mortgage when it commenced this action. *See* SOF ¶ 21; Dkt. No. 1-1 at 5–24 (mortgage), 26–28 (Note). The Note functions as an obligation on the part of the Borrower (Kalsi) to make payments. *See* Dkt. No. 1-1 at 26 (obligating borrower to pay $1,069,500 plus interest). And the Note is secured by a mortgage on the Property. *Id.*; SOF ¶¶ 1–3. Thus, Plaintiff has established the first element necessary to show its entitlement to foreclosure.

### B.  Plaintiff Has Proven that Kalsi Defaulted on the Obligation

Kalsi has defaulted on the payment obligation. SOF ¶ 7. Plaintiff alleged default in its complaint, Compl. ¶ 15, submitted a declaration attesting to Kalsi's default, Fratangelo Aff. ¶ 12,

6

and provided documents showing Kalsi's non-payment, Dkt. No. 113-4 (account activity statement). Purewal introduced no evidence controverting Kalsi's default. Nor did Purewal specifically deny that the default occurred in her answer. *See* Dkt. No. 51. Accordingly, the second element is met as well.

### C. Plaintiff Has Proven that the October 13 Notice Complied with the Requirements of the Mortgage and RPAPL § 1304

Plaintiff has shown that its October 13, 2022 notice complied with both the terms of the Mortgage and RPAPL § 1304. The Mortgage required that the notice specify: (1) the promise broken or the default; (2) what the borrower needed to do to correct the default; (3) the date by which the default needed to be corrected and that such date be at least 30 days from the notice date; (4) that if the default was not corrected the lender may require immediate payment in full or may acquire the property by foreclosure and sale; (5) that if the borrower remedied the default the borrower could stop the enforcement action and "have the Notice and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required"; and (6) that the borrower has the right in a lawsuit to argue that the borrower kept his or her promise and to present any other defenses. Dkt. No. 1-1 at 20. The October 13, 2022 notice met all six requirements.

First, the October 13, 2022 notice informed Kalsi that he was "1,170 days and $301,570.02 dollars in default," and thus informed Kalsi of the cause of the default. *See* Dkt. 1-1 at 44, 50. Second, the notice informed Kalsi that he needed to pay the outstanding amounts owed. *Id.* at 44. Third, it informed Kalsi that he could pay all sums due "to have the lawsuit discontinued." *Id.* Fourth, it provided a date 30 days after the notice by which Kalsi needed to correct the default: November 13, 2022. *Id.* And it stated that failure to "correct the default by November 13, 2022, may result in acceleration of your loan," upon which "the total amount of

the debt will be immediately due . . . and a lawsuit to foreclose the mortgage may be commenced." Fifth, the notice informed Kalsi he could reinstate the mortgage loan by payment of "all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued." *Id.* Sixth and last, it alerted Kalsi that "[y]ou have the right to assert in court the non-existence of a default, that you kept your promises and agreements under the mortgage and note or any other defense." *Id.* Thus, the notice met all the requirements outlined in the Mortgage.

Furthermore, the notice met the requirements of RPAPL § 1304. That section requires that an assignee of a mortgage provide a standardized notice to a borrower ninety days before commencing a foreclosure action. The October 13, 2022 notice included the required standardized notice. *Compare* RPAPL § 1304 (showing the standardized form required for foreclosure); *with* Dkt. No. 1-1 at 50–51 (showing the standardized form populated with Kalsi's information). And Plaintiff commenced the present action more than ninety days after sending the notice.

In summary, the October 13 notice satisfied the requirements of the Mortgage and RPAPL § 1304, and thus the third element is met.

### D. Plaintiff Has Proven That It Held the Note and Mortgage When It Commenced This Action

Finally, Plaintiff showed that it had possession of the Note before this litigation began. Plaintiff included the Note as an attachment to the Complaint and included the alonges assigning the Note to Plaintiff Avail 1 LLC. No. 1-1 at 29, 31. Although the alonges are slightly ambiguous and undated, Plaintiff filed a declaration from its manager affirming that "Plaintiff had physical possession of the original Note prior to commencement of this action and remains in possession to date." Fratangelo Aff. ¶ 10. The Complaint also includes the mortgage

document and the transfers culminating in Plaintiff's holding the Mortgage.  *See* Dkt. No. 1-1 at

5–24, 37, 41.

Because Plaintiff has proven the existence of an obligation secured by a mortgage, a

default, proper notice, and standing to seek foreclosure, Plaintiff has established a prima facie

entitlement to summary judgment.  *See Gustavia Home*, 785 F. App'x at 14 (ruling that a

plaintiff established prima facie entitlement to summary judgment by "attaching to its complaint

the mortgage, the unpaid note, and evidence of [defendant's] default" and "provid[ing] an

affidavit demonstrating that it had possession of the note since November 2015, months before

initiating this action").

## III. DEFENDANT PUREWAL FAILS TO SHOW A DISPUTE OF MATERIAL FACT OR THAT A REASONABLE JUROR COULD RULE IN HER FAVOR

After Plaintiff made a prima facie showing that summary judgment should issue in its

favor, the burden shifted to Purewal to raise a dispute of material fact or explain why a

reasonable juror could rule in her favor.  Purewal failed to meet her burden.

### A.  The Arguments in Purewal's Opposition Lack Merit

Purewal's opposition raised two arguments.  Neither the Court nor any reasonable juror

could rely on those arguments to rule in Purewal's favor.

First, Purewal stated that a plaintiff has standing "in a mortgage foreclosure action by

demonstrating that it is both the holder or assignee of the subject mortgage and the underlying

note at the time the action is commenced."  Opp. ¶ 6.  So far so good.  But Purewal then argued

that Plaintiff lacks standing because "there was no concomitant assignment of the mortgage," *id*.

¶ 4, since "the note and mortgage had already been separated" when Plaintiff received them, *id*.

¶ 6.  This argument fails as a matter of law.  Plaintiff held the Note and the Mortgage when it

commenced this action.  That suffices.  There is no requirement that Plaintiff acquired both the

Note and the Mortgage at the same time to have standing to bring this foreclosure action.
Moreover, if Purewal's theory was correct, then *no one* could foreclose on the Property because
anyone who received the Note prospectively would have received it after it purportedly had
"been separated" from the Mortgage. The cases relied on by Purewal are not to the contrary and
merely hold that an entity that only holds a mortgage as recorder, with none of the rights incident
to a lender, does not have standing to foreclose. *See, e.g., Bank of N.Y. v. Silverberg*, 86 A.D.3d
274, 282 (2d Dep't, 2011). That is not the case here, where the Plaintiff is the holder of both the
Note and the Mortgage, and has demonstrated it has the legal right to foreclose.

Second, Purewal argues that Plaintiff failed to comply with the notice requirements of the
Mortgage. Specifically, Purewal argues the notice did not state the promise or agreement the
borrower failed to keep, did not state the action the borrower needed to take to cure any default,
and did not state that the borrower could stop the enforcement by curing the default. Opp. ¶ 8.
This argument contradicts the facts. The Mortgage required notice of the promise broken *or* the
default. The October 13 notice met that requirement because it stated that Kalsi was
"$301,570.02 dollars in default." Dkt. No. 1-1 at 50. Next, the October 13 notice informed
Kalsi that he needed to pay the outstanding amounts owed. *Id.* at 44. Finally, it stated that Kalsi
could pay all sums due "to have the lawsuit discontinued." *Id.* Thus, Purewal's second
argument fails as well.

### B. Purewal's Affirmative Defenses Lack Merit

In her answer, Purewal raised nine affirmative defenses. *See* Dkt. No. 51. Although
Purewal seemingly has abandoned most of them, the Court will nevertheless consider them for
purposes of completeness.

The Court's above analyses suffice to reject Purewal's first, second, and sixth affirmative
defenses.

Purewal in her third, seventh, eighth, and ninth affirmative defenses alleges that Plaintiff either failed to serve or failed to file certain legally required documents. The evidence in the record refutes the premises of these arguments. *See* Dkt. No. 70 (affidavit of service of notice); Dkt. No. 112-3 at 5–7 (affidavit of mailing the 90-day notice); Dkt. 112-3 at 24 (proof of filing to the New York State Department of Financial Services); and Dkt. No. 8 (certificate of merit affirmation pursuant to CPLR 3012-b).

Purewal's fourth affirmative defense was that Plaintiff engaged in forum shopping, that this district is improper under *forum non conveniens*, and that Purewal was denied the benefit of a settlement conference guaranteed to her by N.Y. CPLR § 3408. These arguments all fail. Venue is proper in this district under 28 U.S.C. § 1391(b)(2). The Court will not exercise its discretion to dismiss this case pursuant to the doctrine of *forum non conveniens*. *See Carey v. Bayerische Hypo-Und Vereinbank AG*, 370 F.3d 234, 237 (2d Cir. 2004) (describing the doctrine as a "discretionary device" permitting a court to dismiss a claim "in rare instances"). And Purewal has no right in a federal proceeding to a hearing guaranteed by a state procedural statute. Moreover, the Court has on several occasions attempted to facilitate a negotiated resolution of this matter, but both Plaintiff and Purewal have acknowledged the impossibility of settlement because Purewal is not the Borrower and therefore cannot negotiate a reformation of the Note or Mortgage, and further Purewal has indicated she does not have the financial wherewithal to assume the Mortgage absent compliance by Kalsi with the financial obligations of their divorce decree. *See* Dkt. Nos. 94, 97, & 98.

Lastly, Purewal's fifth affirmative defense was that the present action violated the "pre-foreclosure review requirement" expounded by 12 C.F.R. § 1024.41, which is an implementing regulation of the Real Estate Settlement Procedure Act ("RESPA"). Dkt. No. 51 at 1. Tellingly,

11

the regulation provides that a violation of the regulation—including the "pre-foreclosure review requirement"—is remediable via Section 6(f) of RESPA (codified at 12 U.S.C. § 2605(f)). Section 6(f) meanwhile permits an individual to seek damages from an entity that violates RESPA. *See* 12 U.S.C. § 2605(f). Accordingly, even if RESPA applies to this case and even if Plaintiff had violated RESPA, such violation would not preclude the foreclosure. It would simply provide Purewal a claim for damages. Furthermore, RESPA applies to a federally related mortgage transaction, only. *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 185 (2d Cir. 2005). Purewal fails to plead the mortgage was federally related, so her RESPA-based argument necessarily fails.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. Plaintiff is directed to submit a proposed judgment of foreclosure providing for a sale of the Property consistent with this Opinion by November 21, 2025. The proposed judgment of foreclosure should provide for the appointment of a proposed referee to effectuate the sale and to disperse funds.

The Clerk of Court is respectfully directed to terminate Dkt. No. 109.

Dated: October 29, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge