UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

AVAIL 1 LLC,                                                 23-cv-01641-MMG

                           Plaintiff,

                                     ~~[PROPOSED]~~

    -against-                                              JUDGMENT OF
                                       FORECLOSURE
KANWALDEEP S. KALSI, NAMRITA                   AND SALE
PUREWAL, THE 67 LIBERTY
CONDOMINIUM, NEW CHAPTER
CAPITAL, INC.,

                          Defendant(s).
----------------------------------------------------------------X

       This action having been commenced by the filing of a Verified Complaint on February 27,

2023, and a Notice of Pendency having been filed in the Office of the Clerk of New York County

on March 1, 2023; and Plaintiff having moved for summary judgment; and the Court having issued

an Opinion and Order dated October 29, 2025 (ECF No. 118), granting Plaintiff's motion; and

Plaintiff having submitted an Affirmation of Amounts Due dated November 5, 2025, the Court

finds that;

       The amount computed to be due on the Note and Mortgage is $1,247,549.66, including

interest, as of November 5, 2025, as set forth in the Affirmation of Amounts Due to Plaintiff.

       **IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the

Complaint and described in Schedule "A" annexed hereto be sold pursuant to this Judgment.

       Together with all right, title and interest of the owner thereof, if any, in and to the land

lying in the streets and road in front of the adjoining said premises, to the center line thereof.

       Together with all fixtures and articles of personal property annexed to, installed in, or used

in connection with the mortgage premises, all as more fully set forth in the aforementioned

mortgage, be sold in one parcel subject to the following matters of record or use, any state of facts

that an accurate survey may show; easements, covenants, restrictions or reservations or records, if

any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held on the steps outside the front door of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 by and under the direction of Mark L. McKew, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee shall give public notice of the time and place of such sale in accordance with RPAPL § 231 by publication in the *New York Law Journal*, and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository.

1st    The sum of $750.00 to said Referee for his fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd    The sum of $1,247,549.66, adjudged due Plaintiff as of November 5, 2025, together with interest thereon from November 6, 2025, plus any sums advanced by Plaintiff for taxes, assessments, water rates, and sewer rents, with lawful interest and penalties thereon, or so much thereof as the purchase money will pay; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the

amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment is made within the time prescribed by RPAPL § 1371(2), and the amount thereof is determined by this Court; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or any or either of them, after filing of the notice of the pendency of this action, and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as-is" physical order and condition, subject to any state of facts that an inspection or an accurate survey of the premises would disclose; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations

of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. Said premises commonly known as 67 Liberty Street, Unit 5, New York, NY 10005. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: New York, New York

      November 12, 2025

SO ORDERED.

_____
The Honorable Margaret M. Garnett
United States District Judge

## SCHEDULE A
## DESCRIPTION

Block 64 Lot 1005

The Condominium Unit ("Unit") known as Unit No. 5 in the building designated by the street address of 67 Liberty Street, New York, NY 10005 ("Building") in the 67 Liberty Condominium ("Condominium"), Borough of Manhattan, County of New York, City and State of New York, said Unit being designated and described by the above Unit No. in a certain declaration dated December 4, 2012, made by Grantor pursuant to Article 9-B of the Real Property Law of the State of New York ("Condominium Act") establishing a plan for condominium ownership of the Building and the land ("Land") upon which the Building is situate (which Land is more particularly described in Exhibit A annexed hereto and by this reference made a part hereof), which declaration was recorded in the New York City Register's Office, New York County on March 27, 2013, under CRFN 2013000125929 ("Declaration"). The Unit is also designated as Tax Lot 1005 in Block 64 of Section 1 of the Borough of Manhattan on the Tax Map of the Tax Map Unit of The City of New York and on the Floor Plans of the Building, certified by Newman Design on March 22, 2013 and filed with the Tax Map Unit of the City of New York on March 22, 2013, as Condominium Plan No. 2354 and also filed in the New York City Land Records Division on March 27, 2013, as Condominium Map No. 2013000125930;

TOGETHER with an undivided 7.8123% interest in the Common Elements (as such term is defined in the Declaration).

Premises known as 67 Liberty Street, Unit 5, New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AVAIL 1 LLC,                                            23-cv-01641-MMG

                Plaintiff,

    -against-                                      **AFFIRMATION OF**
                                                        **AMOUNTS DUE IN**
KANWALDEEP S. KALSI, NAMRITA                            **SUPPORT OF PROPOSED**
PUREWAL, THE 67 LIBERTY                                 **JUDGMENT OF**
CONDOMINIUM, NEW CHAPTER                                **FORECLOSURE AND SALE**
CAPITAL, INC.,

                Defendant(s).
-------------------------------------------------------------X

      I, James Fratangelo, affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I make this affirmation on this 5th day of November, 2025, with the understanding that it may be submitted in a court of law and relied upon in this action:

1. I am the sole Member of Avail Holding LLC, which is the sole member and manager of Avail 1 LLC ("Avail" or "Plaintiff"), Plaintiff in the above-referenced foreclosure case. I am fully familiar with all of the facts and circumstances herein. I have access to the business records, including the business records relating to the loan of Kanwaldeep S. Kalsi, the borrower ("Borrower") in the present action.

2. I make this affirmation based upon my review and examination of the records relating to the Borrower's loan and from my own personal knowledge of how they are kept and maintained in the regular course of Avail's business. It is the regular course of business to keep and maintain such records.

3. This Affirmation is offered to the Court to provide an explanation as to the amounts owed to Avail, in support of its proposed final judgment of foreclosure and sale, pursuant to the Opinion & Order granting Plaintiff's Motion for Summary Judgment [ECF Docket No. 118].

4.  This loan is due for the payment due on August 1, 2019, and remains in default through the present. As of November 5, 2025, the outstanding unpaid principal balance is $941,266.59. *See* Affirmation of James Fratangelo in Support of Plaintiff's Motion for Summary Judgment, Ex. D (Loan Payment History) [ECF Docket No. 113-4], which reflects the unpaid principal balance of $941,266.59.

5.  In addition to the outstanding principal amount being owed, the Borrower owes interest from July 1, 2019 to November 5, 2025, totaling $216,873.60.

6.  Pursuant to the terms of the Loan, at the time of default the interest rate was, and continues to be, 3.625%. The amount of interest is calculated by taking the principal balance (i.e. $941,266.59) and multiplying it by 3.625% and then dividing that number by 365 days to obtain the *per diem* interest which, in this case, equals $93.48. The Loan provides for interest to accrue in arrears, which is customary for residential mortgage loans. Since the date of default is August 1, 2019 (and interest pursuant to the Loan is paid in arrears), the interest is calculated from July 1, 2019, through November 5, 2025, which is 2320 days. 2320 days multiplied by the per diem of $93.48 equals the total past-due interest of $216,873.60.

7.  The total amount due consists of: principal balance of $941,266.59, accrued interest of $216,873.60, late charges of $585.30, escrow advances of $58,638.81, and corporate advances of $30,185.36, for a total of $1,247,549.66.

8.  The mortgaged premises consist of one (1) parcel of land comprised of one (1) tax lot, identified on the New York County Tax Map as Block 64, Lot 1005, located in the County of New York, State of New York.

9.  I respectfully request that the Court allow the premises be sold as one (1) parcel.

10. I make this Affirmation with the understanding that the United States District Court, Southern District of New York will rely upon the truth of the statements contained herein.

**Avail 1 LLC**
By Avail Holding LLC, a Delaware Limited
Liability Company, sole member

*/s/ James Fratangelo*
James Fratangelo
Manager/Member