USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/28/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVAIL 1 LLC,

                    Plaintiff,

        -against-

KANWALDEEP S. KALSI, et al.,

                    Defendants.

23-CV-01641 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a foreclosure action. Before the Court is Defendant Namrita Purewal's emergency motion to stay a foreclosure sale scheduled for February 4, 2026. Dkt. No. 129. The motion is DENIED for the following reasons.

## FACTUAL BACKGROUND

The Court assumes familiarity with the facts and background of this case. On October 29, 2025, the Court issued an Opinion and Order granting Plaintiff's motion for summary judgment and ruling it was entitled to foreclose and sell a property (the "Property"). Dkt. No. 118. The Court approved a judgment of foreclosure and sale on November 12, 2025. Dkt. No. 120. The Property's sale is currently scheduled to occur on February 4, 2026. Dkt. No. 128. Ms. Purewal filed a notice of appeal on December 9, 2025. Dkt. No. 122.

On January 20, 2026, Ms. Purewal filed an emergency motion to stay the foreclosure sale, styled as a Rule 62(c) motion. Dkt. No. 129. In her motion, she states that a New York State court sentenced her ex-husband to four months' incarceration for failing to pay Ms. Purewal approximately $400,000 in child support, but that a New York appellate court stayed his incarceration and extended his deadline to perfect his appeals through April 6, 2026. *See* Dkt. No. 129 at 2–3. Ms. Purewal alleges she can pay the judgment amount, which exceeds $900,000, because she has a mortgage of $600,000 plus the $400,000 in payments forthcoming from her ex-husband. *Id.* She also alleges that her ex-husband is able to pay the $400,000 in child support arrears because he can afford appellate counsel. *Id.*

Plaintiff Avail 1 LLC and Defendant 67 Liberty Condominium both oppose the motion. Dkt. Nos. 132 & 133. Plaintiff argues that Rule 62(c) does not apply because there is no judgment granting or denying injunctive relief. Dkt. No. 132 at 3. Addressing the *Winter* factors, Plaintiff argues that the occurrences in the New York State court action do not alter the enforceability of the Court's judgment, "which rests on an undisputed loan default." *Id.* at 5. Plaintiff also highlights that, per the Mortgage, "any contractual right to discontinue enforcement or reinstate the loan terminates upon entry of a judgment," therefore enforcement could be halted "only by payment of the full judgment amount, not by tender of arrears." *Id.* Lastly, Plaintiff argues that Ms. Purewal has repeatedly asserted since 2023 she would soon recover funds from

her ex-husband to resolve the mortgage debt. "Nearly three years later, no funds have materialized, no payment has been made, and no evidence of imminent recovery has ever been produced." *Id.* at 7. Turning to Defendant 67 Liberty Condominium's opposition, it states that the Condominium will be prejudiced by any further delay, because the Property's owners "have incurred $161,565.95 in arrearage [of mandatory monthly condominium fees, which the Condominium relies on for its operating expenses] since 2020, and this amount increases with each passing month." Dkt. No. 133 at 1.

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). To receive this remedy, a movant must show that she "is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Id.* at 20. The first of these factors, whether a movant is likely to succeed on the merits, is the most important. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Ms. Purewal is proceeding *pro se*. "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 549 F.3d 241, 248 (2d Cir. 2006)).

## ANALYSIS

Ms. Purewal filed her motion under Federal Rule of Civil Procedure 62(c). Rule 62(c) provides that, unless a court orders otherwise, an interlocutory or final judgment in an action for an injunction or receivership, or a judgment directing an accounting in a patent infringement action, are not stayed after being entered, even if an appeal is taken. The present case is not an action for an injunction or receivership. Nor is it a patent infringement action. Therefore, Rule 62(c) is inapplicable. Nevertheless, given Ms. Purewal's *pro se* status, the Court construes her motion as seeking a stay pending appeal under Federal Rule of Appellate Procedure 8(a)(1). In assessing whether to grant a stay pending appeal, a court considers, *inter alia*, whether a movant is likely to succeed on the merits of an appeal. *SEC v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012).

Ms. Purewal is unlikely to succeed on appeal. Her motion in this matter has not identified any error in the Court's opinion and order that would form the basis for a successful appeal. Furthermore, the Second Circuit may dismiss her appeal for procedural reasons. *See Avail I LLC v. Purewal*, No. 25-3109, Dkt. No. 10.1 (Jan. 6, 2026) (stating that Ms. Purewal's appeal will be dismissed unless she files an Acknowledgment and Notice of Appearance).

Ms. Purewal also has not shown that she will be able to pay off the mortgage. As Plaintiff highlights, Ms. Purewal may not avoid the foreclosure unless she is able to pay the full judgment amount, which exceeds $900,000. *See* Dkt. No. 132 at 5; Dkt. No. 1-1 (Mortgage) at 17 of 70, ¶ 19.[1] Ms. Purewal has not shown that she is able to do so. Although the State court

---

[1] The mortgage provides that Ms. Purewal needed to do this by the earliest of (a) five days before sale of the Property, (b) another period as applicable law might specify, or (c) a judgment having been

2

recently ordered her ex-husband to pay over $400,000, the order is currently on appeal in the New York State court system. Dkt. No. 130 ¶¶ 10–13. Ms. Purewal states that the Second Department extended her ex-husband's deadlines to perfect his appeals until April 2026. *Id.* ¶ 13. But that does not mean the appellate process will conclude in April, or any time reasonably thereafter, or that her ex-husband will make any or all payments in that month. Instead, there is a high likelihood that the process will drag on well beyond April 2026, as it has the past few years. Ms. Purewal has not represented she can pay the full outstanding balance on the mortgage in the interim. Furthermore, this is not the first time that Ms. Purewal has stated that payment is imminent. The Court recognizes that Ms. Purewal has obtained many New York state court orders to secure her legal rights to child support payments and other financial arrangements arising from her divorce, and she is unfortunately at the mercy of a former spouse who seems determined not to comply with those orders—up to and including an apparent willingness to be jailed rather than pay. The Court has every sympathy for Ms. Purewal's situation, but is also obligated to enforce the law regarding the contractual rights of Plaintiff. The Court has provided Ms. Purewal with ample time to pursue alternative means to pay down the arrears or make full payment on the judgment in order to avoid a foreclosure sale. While she appears to have acted with diligence in pursuing her former spouse and his financial obligations to her and her children, those efforts have not borne fruit in the three-year pendency of this action, and further delay cannot be justified based on the facts proffered in her motion for a stay pending appeal.

Because Ms. Purewal has not shown she is likely to prevail on appeal and because she has not shown she will be able to imminently pay the full judgment amount, the Court will DENY Ms. Purewal's motion for a stay (Dkt. No. 129). Ms. Purewal may promptly seek an administrative stay before the Second Circuit under Federal Rule of Appellate Procedure 8(a)(2).

Dated: January 28, 2026
　　　New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

entered enforcing the mortgage's security mechanism. *See* Dkt. No. 1-1 at 17 of 70, ¶ 19. The Court entered a judgment of foreclosure in October. Therefore, even if Ms. Purewal could immediately pay the outstanding amount owed, it is not clear that would be sufficient to halt the sale.